UNCLE SAM, The (CAMPBELL v.). See Cases Nos. 2,371 and 2,372.

UNCLE SAM, The (WEST v.). See Case No. 17,427.

### Case No. 14,335.

#### The UNCLE TOM.

[10 Ben. 234.] 1

District Court, S. D. New York. Jan.. 1879.

SEAMAN'S WAGES—REGISTERED OWNER—SET OFF.

1. O. M. bought a schooner at Bermuda, took command of her, and brought her to New York.

1 [Reported by Robert D. Benedict. Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

As she needed repairs, he obtained an advance of the necessary funds, agreeing to give a mortgage on her as security therefor. It was found that she could not be registered in the name of O. M., and he made a bill of sale of her to his brother, E. M., for the nominal consideration of five dollars, and procured E. M. to execute the mortgage. The mortgagees were told by O. M. that he had sold the vessel to his brother, and they had no notice that the sale was not a valid sale, except knowledge of the consideration stated in the bill of sale. After the mortgage O. M., who continued to control the vessel, shipped E. M. as cook and sailed on a voyage to Cuba and back to New York, where the vessel was libelled and sold for seaman's wages. The mortgagees intervened as claimants and objected to the payment of the claim of E. M.: Held, That, although the claim of the mortgagees to the proceeds was superior to that of E. M. as owner, the claim of E. M. as a seaman was superior to that of the mortgagees, and there was no reason why it should not be recognized and enforced.

2. The liability of E. M. for a deficiency on the mortgage could not be set off against his claim for wages.

In admiralty.

H. Heath, for libellant.
Edward S. Hubbe, for claimant.

CHOATE, District Judge. In this case the vessel has been sold on a libel for seaman's wages, and the question is whether one of the seamen, Edwin Meyer, is entitled to his wages out of the proceeds. His claim is opposed by mortgagees of the vessel, who have appeared as claimants and who hold a mortgage executed by the said Edwin Meyer, as owner of the vessel. Sometime prior to the making of the mortgage, the schooner was purchased at Bermuda, by one Otto Meyer, who took command of her and brought her to New York. As she needed repairs he contracted with the claimants to furnish the funds required for her repair, agreeing to give a mortgage on her therefor. When the vessel had been repaired it was found that she could not be registered in the name of Otto Meyer. He therefore made a bill of sale of her to his brother, Edwin Meyer, for the nominal consideration of five dollars, and she was registered in the name of Edwin Meyer. But Otto Meyer continued to manage and control her and had entire possession of her. In pursuance of the agreement to give a mortgage, Otto Meyer procured his brother to execute a mortgage to the claimants, telling them that he had sold the vessel to his brother. The claimants had no notice that the sale was not a real sale for value, unless knowledge of the fact that the consideration expressed in the bill of sale was five dollars, was such notice. The proceeds are insufficient to pay the mortgage, and the claimants take the point that the registered owner of a vessel cannot have a lien on his own property. After the mortgage was given, the vessel sailed on a voyage from New York to Cuba and return, under command of Otto Meyer. Edwin Meyer shipped as seaman, and served till the end of the voyage, as cook.

I think it clear, that his claim is superior to that of the mortgagees. The claimants took their mortgage plainly enough subject to the superior claim that might attach against the vessel for the wages of the crew upon future voyages. And it is a matter of entire indifference to the mortgagees, so far as their interest was concerned, who the crew should be or what their relation to the vessel might be, or whether they might have an interest in her or not. There is, therefore, no equity in the claim that, because the cook happens to be the registered owner, he is any the less entitled to his wages as cook, as against these mortgagees. But for the accidental circumstance of his holding the legal title, his claim for wages would not and could not have been disputed by them. The vessel must have seamen, and there was nothing incompatible between the positions of seaman and registered owner. It is very true that the claimants' title as mortgagees to the proceeds is superior to that of the cook as owner; but the claim of the cook as seaman is superior to that of the mortgagees, and there is no reason why it should not be recognized and enforced. Under the English statute which gives the master a maritime lien for his wages and disbursements the same objection was taken to the libel of the master, who was a part owner, that is taken in this case; but Sir R. Phillimore held the objection untenable, both on the general ground that the nature of the maritime lien was such that an owner or part owner could have and enforce such a lien against the ship, and also on the ground that the statute, having given masters of ships in general terms a lien for their wages and disbursements, the court could not by construction engraft on the statute an exception, namely, in case of masters, who happened to be part owners. The Feronia, 17 Law T. [N. S.] 620. "Nor could it be contended," says the learned judge, "that under the old law a common seaman who was also a part owner (and such cases may often have happened) could have been on that account deprived of his maritime lien for wages." Our statute, which recognizes the maritime lien of the seamen for wages, and provides for its speedy enforcement, is no less explicit than the English statute giving such lien to the master; and although an interest on the part of a seaman in the vessel is not so common as on the part of a master, there is no consideration of public policy or of reason for engrafting such an exception on our statute. See Rev. St. §§ 4546, 4547. The further objection that this libellant cannot recover because he is liable to the mortgagees for a deficiency on the mortgage, seems to be based on the theory that such a claim in contract can be set off against a claim for wages; but the nature of the claims is entirely different, and they are not the proper subject of set off. And such ground for withholding wages is in effect inconsistent with those provisions of our law which are designed to secure to the seamen their absolute right to their wages. See Id. §§ 4535, 4536.

Decree for libellant with costs.